## THEODORE FROIS v. WM. H. MAYFIELD.

1. A joint maker of a promissory note, being sued thereon, pleaded that he signed it only as surety for his co-maker, and that this fact was known to the plaintiff at the time the note was executed to him; that before the note matured he, defendant, notified the plaintiff that the principal was squandering his property, and urged the plaintiff to take immediate steps to enforce or secure payment out of the principal's property, which was then ample to pay all of his debts; but that the plaintiff had neglected to take such steps, and the principal debtor had squandered all his property. *Held*, that these allegations present no defense to the action, and the plaintiff's motion to strike out the plea should have been sustained. (Burke v. Cruger, 8 Texas, 66; Cruger v. Burke, 11 Texas, 694; Payne v. Powell, 14 Texas, 600, and Hunter v. Clark, 28 Texas, 159, cited by the court.)

2. Article 4784, Paschal's Digest, requiring that a creditor, when notified by a surety to sue, must do so to the first term, or to the second, showing cause, etc., must be construed in conjunction with Article 4783, from the operation of which promissory notes and bills of exchange are expressly excluded; and therefore Article 4784 can have no application to such notes and bills.

3. This court re-affirms the principle that the giving of time by a creditor to a principal maker of a promissory note or bill of exchange, without a binding contract to that effect, does not release a joint maker who was only a surety.

ERROR from Karnes. Tried below before the Hon. J. B. Hurd.

This case was before this court on a former occasion, but was disposed of then on a question of practice. (31 Texas, 366.) The facts are sufficiently disclosed in the opinion delivered on the present occasion.

*L. S. Lawhon* and *Harwood & Conway*, for the plaintiff in error.

*Bowers & Walker*, for the defendant in error.—The defendant in error suggests that the various assignments of error urged by the plaintiff may be reduced to two:

XXXIII—51

First—Is the plea good as a defense, alleging that plaintiff was notified by defendant (who was surety) to sue Robuck, the principal; that plaintiff failed to sue or take any means to make his money of the principal, and that he, Robuck, had become insolvent, and a consequent loss to Mayfield on being compelled to pay the debt?

Second—Is the testimony sufficient to sustain the verdict?

I. Is the plea a defense?

If the plea is good, the action of the court in overruling the demurrer of plaintiff was correct. So, also, was the charge of the court submitting it to the jury as a defense, and the various rulings in admitting testimony to sustain it, and in finally overruling the motion for a new trial.

The authorities cited by plaintiff in error on the question of the taking of a new security by the plaintiff of the principal without any agreement for delay, so far as it affords an argument affecting any question in the case at bar, is favorable to the defendant in error. By the new or additional security the surety is benefitted—his risk of loss lessened; the opposite of the allegations of the plea. It is alleged that by the willful delay after notice, the surety lost any chance of making himself secure out of his principal; his risk of loss was increased by the act of Frois, not lessened, as in the case of McGown, giving additional security to Cruger, and thus protecting the surety. It is insisted that the case of Cruger v. Burke is not an adjudication upon the effect of willful delay to the loss of effective recourse upon the principal and consequent loss to the surety.

The statutory provisions quoted (Paschal's Digest, 4783–4) provide for a mode of release for sureties on contracts other than bills of exchange and promissory notes negotiable by law.

The act provides for the surety to give written notice, etc., and is a law upon the matters legislated upon, and not for any other subject. It does not seek to repeal or modify in any way the law

or "rule of decision" as to bills of exchange and promissory notes.

The act adopting the common law provides that it "shall * * * be the rule of decision." (Pas. Dig., Art. 978.)

In the absence of any legislative acts on any subject, courts are directed to the "common law," for the rule of "decision" in that particular case, and until we can find such "act" it is insisted that when the common law furnishes the rule discharging the surety upon bills of exchange and promissory notes, it is binding upon the court.

In Parsons on Contracts, p. 25, fifth edition, the rule is stated as follows: "And from a consideration of these cases, and the reasons on which they rest, we think the rule may be drawn that a surety is discharged where the creditor, after notice and request, has been guilty of a delay which amounts to gross negligence, and by this negligence the surety has lost his security or indemnity."

In the case of Paine v. Packard, 13 Johns., 174, it was held that a "special request by the surety to proceed to collect the money of the principal, and an averment of loss of the money as against the principal in consequence of such neglect," would be a good plea on demurrer, the court citing Trent Navigation Company v. Harley, 10 East, 34, as authority.

It will not be insisted that this case is unquestioned. In case of King v. Baldwin, 2 Johns. Ch., Chancellor Kent more than doubted the rule, yet his decision was reversed by the court of errors, (17 Johns., 384–404,) and the rule adopted as given in Paine v. Packard; but the decision is made by a divided court.

In 1 American Law Cases, in the elaborate note upon these cases, it appears that the rule has been followed in Pennsylvania, in Cope v. Smith, 8 S. and R., 110; also in Tennessee, Alabama, and Arkansas; while the rule is doubted in Massachusetts and other States.    (Am. L. Cases, pp. 268–270.)

In the conflict of decisions of the other courts, and in absence

of any rule by our own court, it is left for your honors to determine for Texas whether the rule as given above shall be followed.

II. Is the testimony sufficient to support the verdict?

The statement of facts shows that Robuck before the war was a merchant in Helena; that he was closed out by attachment and left the State about the beginning of the war, for Mississippi, and has never returned; that he was careless, drunk, and gambled, and paid his losses in goods from the store; that defendant Mayfield notified plaintiff that Robuck was making way with his property, and requested plaintiff to sue or try to secure the payment of the note; that before maturity of the note, a witness (Baldwin) in New Orleans had received a letter from Mayfield, which was by witness shown to the creditors of Robuck in New Orleans, to the effect that Robuck was making way with his goods to the detriment of his creditors, and requesting them to forward their claims to Mayfield, or to some attorney, in order to secure the same.

This evidence certainly tends to prove notice by Mayfield to Frois, and desire him to sue or take other means to collect the debt, and the utter disregard of the request, until filing of this suit; the drinking and gambling and bad habits, and the final breaking up or closing out by attachment of Robuck, and his leaving the State, and the debt unpaid, notice by Mayfield, neglect and consequent loss.

WALKER, J.—This was an action commenced in the District Court of Karnes county, on the sixteenth day of April, 1867, founded on a promissory note made by J. E. Robuck and W. H. Mayfield, payable to Theodore Frois & Co., or order, for the sum of fifteen hundred and thirty-nine dollars and seventy-nine cents. The note is dated New Orleans, August 29, 1860, and was payable at the office of Theodore Frois & Co., which appears to have been in the city of New Orleans. The note was due six months after date, twenty-eighth of March, 1861.

At the commencement of the suit Robuck appears to have squandered his property and changed the place of his residence to parts unknown, but is supposed to live somewhere in the State of Mississippi. Mayfield is a resident citizen of Karnes county, was served with process and defended the action in the district court. He filed a general demurrer, a general denial, and set up by way of special answer that he signed the note with Robuck as security only; that Robuck had fallen into bad habits; was gambling, drinking and squandering his property before the maturity of the note; that he notified the plaintiffs of these· facts and urged them to diligence in the collection of the note.

He also, subsequently, pleaded the statute of limitations, but as it is not insisted that the action was barred it is unneccessary further to notice this defense. The. plaintiff moved to strike out the special answer, contending that it was insufficient in law and presented no legal or equitable defense to the action. The defendant also claimed in his special answer that the plaintiffs neglected to bring suit at the first term of the court after the maturity of the note, and after they had been served with notice of Robuck's failing circumstances.

. The suit was not commenced at the first term of the court after the maturity of the note, nor at the second, upon a showing why the action was not commenced at the first term. Article 4783, reads thus : "Any person bound as surety upon any contract for the payment of money, or performance of any act, otherwise than by a bill of exchange or promissory note assigrable or negotiable by law, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute a suit upon the contract." Article 4784, reads thus : "If the creditor or obligee, not being under legal disability, shall fail to bring his suit to the first term of the court thereafter, or to the second term, showing good cause why he did not bring it to the first term, and prosecute the same to judgment and execution, the

surety giving such notice shall be discharged from all liability thereon."

We think these two articles must be construed together, and we see that their provisions do not apply to bills of exchange or promissory notes.

In the case of Burke against Cruger, 8 Texas Reports, p. 66, two questions which arise in this case are settled; the court say, whatever diversity of opinion there may have been upon the question whether a party, who has signed a joint and several bond or other specialty, with another, can, at law, and as against the obligee, aver and prove that he was but surety, when he appears upon the instrument as principal, that he may do so in equity is well settled; so here, he may do so for the purpose of availing himself of any equitable defense to which, as surety, he may be entitled.

The taking of merely collateral security as, for example, a mortgage, will not extinguish the original debt, nor suspend the remedy upon it; and the time when the new security becomes due does not vary the effect and operation of it upon the old; and, therefore, the taking of such a new security, without stipulating that it shall extinguish the original, or suspend the remedy upon it, will not release the surety.

It was competent then, for Mayfield to plead and prove that his undertaking upon the note sued on was that of a security merely; it was competent for him to introduce the witness Baldwin, to prove that he had notified the plaintiffs of Robuck's circumstances; and the letter itself might have been produced and read in evidence to prove this notice. Much more was it competent for the witness Baldwin to refresh his memory of facts by reference to the letter. But what does the defendant in error gain by this evidence? The notice to the plaintiff in error was given before the maturity of the note, and it does not appear from the evidence that the plaintiff in error could at any time have made his money from

Robuck; but, on the contrary, the witnesses introduced by May-field himself render it very improbable by their statements that so large an amount of money could have been made out of Robuck at the time the note matured.

The case of Cruger *et al.* against Burke *et al.*, reported in 11 Texas, p. 694, is virtually the same case as that reported in 8 Texas between the same parties; the same doctrine is recognized in Payne v. Powell, 14 Texas Reports, p. 60, and in Hunter against Clark, 28 Texas Reports, p. 162; and we again affirm in this case that the mere giving of time to the principal in a bill of exchange or promissory note, without a .binding agreement to that effect, which postpones the right of action or works some injury to the security, will not discharge him from his obligation. We are therefore of opinion that the court erred in overruling the plaintiffs' motion to strike out the special answer of the defendant, and in refusing to charge the jury as asked by the plaintiff, and in giving the charge as asked by the defendant. For the reasons stated, the judgment of the district court is reversed and the cause remanded to be proceeded in in accordance with this opinion.

Reversed and remanded.